CITY OF SANFORD v. DOFNOS CORPORATION and J. F. Mc-CLELLAND, Sheriff, Seminole County.

156 So. 142.

En Banc.

Opinion Filed July 17, 1934.

*Fred R. Wilson,* for Appellant;

*E. J. L'Engle, F. P. Fleming, J. W. Shands* and *J. M. Bryant,* for Appellees.

PER CURIAM.—The appellees, Dofnos Corporation, obtained a judgment against the appellant, City of Sanford, Florida, upon one of the city's bonds. Execution was issued upon the judgment and placed in the hands of appellee, J. F. McClelland, as Sheriff of Seminole County. The sheriff levied upon a lot owned by the city and proceeded to advertise the property for sale under the execution. Whereupon the appellant, City of Sanford, Florida, filed its bill of complaint against the appellees, Dofnos Corporation and J. F. McClelland, as Sheriff of Seminole County, praying for injunction to restrain the sheriff from selling the property levied on under the Dofnos Corporation's execution.

The bill of complaint set forth that the City of Sanford held the property levied on for municipal purposes; that under the provisions of its charter, the city had power to assess, levy and collect taxes for ordinary municipal purposes for the payment of its debts; that under the provisions of its charter it did levy taxes against said property for the years 1926, 1927, 1928, 1929, 1930, 1931 and 1932; that the tax for 1926 was not paid and the property was sold by the City Tax Collector to the City of Sanford in consideration of which a tax certificate was duly issued to the city; that pursuant to Resolution No. 77, adopted by the

City Commission, appellant had paved a street upon which said property abutted, and had assessed the sum of $221.97 against said property as its share of the cost of such improvement; that by virtue of another resolution said Seventh Street was further improved by the widening of the pavement and the sum of $207.82 was levied against said property as its share of the expense of said improvement; that by reason of the non-payment of said taxes and special assessments, the City of Sanford had acquired title to the taxpayer's property under and by virtue of a tax foreclosure proceeding, final decree and Master's deed; that appellant being a municipal corporation and political subdivision of the State of Florida, the judgment that had been obtained by the Dofnos Corporation against it on one of its municipal bonds was not a lien on its property, and accordingly such property was not subject to levy and sale under plaintiff's execution against the city.

The chancellor entered his order sustaining a motion to dismiss the bill and denied a temporary restraining order to prevent the sheriff from selling the property involved under the Dofnos Corporation execution. From this interlocutory order the present appeal has been prosecuted to this Court.

While the remedy ordinarily available to a holder of public securities issued by a municipal corporation is a writ of mandamus directed to the proper officers of the municipality to compel it to levy a tax within constitutional and statutory limitations sufficient to pay its obligations, or to secure an appropriation for their payment, in the event there are sufficient funds on hand for that purpose, yet when a bond has been reduced to judgment as a general obligation of the city, the municipal corporation, defendant in the suit, equally with a private corporation, may have its property taken in execution in payment of the judgment if payment

is not otherwise made, where the property levied upon and sought to be sold under execution is unconnected with any public function resting upon the municipal government.as such. City of Coral Gables v. Hepkins, 107 Fla. 778, 144 Sou. Rep. 385.

In the present case it affirmatively appears from the allegations of the bill of complaint that the property levied upon by the sheriff to satisfy the Dofnos Corporation's judgment is not necessary to the exercise of any·public or *quasi* public or trust function which the municipality was organized to carry out. On the contrary, it appears that by reason of a tax delinquency the city has acquired the legal title to such property which, if sold under the execution, will be restored to the tax rolls of the city and become subject, as is all other taxable property within the city, to pay its just share of the operating expenses and indebtedness of the City of Sanford.

Authorities on the precise point presented by this appeal are not numerous, as both appellant and appellees in their briefs confess. However, it has been held in an adjudicated case that lands acquired by a taxing district at a sale held for the enforcement of special district taxes and assessments and thereafter held by the district for resale, as provided by statute, may be levied upon and sold in satisfaction of a judgment that has been recovered against the district so holding the land for resale. We are of the opinion that the same principle is logically and legally applicable to properties which a municipality has acquired under tax foreclosure proceedings and which it is holding for the purpose of resale pursuant to the provisions of the tax laws by which they were acquired to be held for that purpose. See Keith v. Drainage District, 183 Ark. 786, 38 S. W. Rep. (2nd) 755.

The position of the appellant in this case is that property

acquired by the City of Sanford through tax foreclosure proceedings is in law public property subject to such disposition only as the municipality may deem proper. We agree with this as a general principle. But it has also been held in this State that property held by a municipal corporation for purposes of income or sale, is subject to levy under an execution issued on a judgment rendered against the municipal corporation so holding the property. City of Coral Gables v. Hepkins, *supra.* The fact that appellant is authorized to levy taxes for the payment of its indebtedness, including judgment against it (Section 62 of Chapter 9897, Acts of 1923), does not alter the application of the rule permitting certain properties of municipal corporations to be seized and sold on execution, but is simply a power which the municipality may exercise, if it so desires, in order to raise moneys to pay a judgment and thereby prevent the seizure and sale of its property seizable under execution.

It seems to be conceded by appellant that if the property involved in this case had already been sold by the city and the proceeds thereof were held in the city treasury available for payment of general judgments against the City of Sanford, that mandamus would lie against the municipality to compel the payment over to the judgment creditor of sufficient of the moneys on hand to discharge the judgment. Little River Bank & Trust Co. v. Johnson, 105 Fla. 212, 141 Sou. Rep. 141. On principle, viewed from a practical standpoint, there appears to be no valid objection why the same result cannot be obtained by the judgment creditor through the levy of his execution upon the property held by the City of Sanford for the purposes of being sold and converted into money, where it affirmatively appears that said property is simply being held as an asset of the city, which

should be sold and ultimately applied to the discharge of its obligations.

This is not to hold that a general judgment lien exists upon a municipal corporation's real estate by virtue of the mere rendition of a general judgment against it. On the contrary, no such lien exists until there is an actual levy of an execution upon some piece or parcel of municipal property that is subject to seizure upon execution, under the rules of law pertaining to liability of municipal properties to execution in particular instances.

*Prima facie,* all municipally-owned real estate is held for municipal purposes, in trust for the benefit of the public. But such presumption is subject to being overthrown upon appropriate proceedings taken for that purpose. Such proceedings, as were referred to in the case of City of Coral Gables v. Hepkins, *supra,* may be instituted by the judgment plaintiff's levy upon some piece or parcel of the judgment debtor's land which is alleged to be subject to seizure upon execution to satisfy the judgment sought to be enforced in the particular case against the municipality as owner of the property levied upon. Whether or not the property levied upon is subject to levy, or subject to being ordered sold to satisfy the judgment creditor's judgment is determinable in appropriate proceedings at law. (See City of Coral Gables v. Hepkins, *supra*), or in equity as was done in this case.

The order appealed from is affirmed.

DAVIS, C. J., and WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.