CITY OF SANFORD v. J. F. McCLELLAND, as Sheriff, *et al.*

163 So. 513.

Opinion Filed October 16, 1935.

*Fred R. Wilson,* for Appellant;

*George A. DeCottes,* for Appellees.

BUFORD, J.—This is an appeal from an order dismissing the bill of complaint.

The City of Sanford filed its bill of complaint against J. F. McClelland, as Sheriff of Seminole County, and Augustus T. Ashton, seeking to enjoin J. F. McClelland, as Sheriff,

from selling any lots, pieces or parcels of land, described in an exhibit attached to the bill of complaint.

The bill of complaint alleged substantially that complainant was a municipal corporation and owner of the lots, pieces or parcels of land described in exhibit "B," which it had obtained by foreclosing general tax and special assessment liens held by Complainant and by issuance to it of Special Master's Deeds conveying said land.

It was further alleged that on April 15, 1932, Augustus T. Ashton obtained judgment against complainants for .$17,988.25, and on July 20, 1932, execution was issued thereon; that J. F. McClelland, as Sheriff of Seminole County, contrary to law and under said execution, on April 11, 1935, levied upon said lots, pieces and parcels of land, and was then advertising in the Seminole County Sentinel a newspaper published in Sanford, Seminole County, that he would on Monday, June 3, 1935, offer the same for sale at public outcry to the highest bidder for cash, at the front door of the court house, to satisfy said execution.

It was further alleged that the levy was illegal and contrary to law because House Bill No. 42, which was passed by the Legislature, and approved by the Governor on April 19, 1935, provides that no execution may be levied under a judgment against a municipal corporation.

Complainant further alleged that said lots, pieces or parcels of land levied upon comprised 1,575 separate parcels of land and that there was due complainant for general taxes and special assessments levied against them the sum of $659,300.63.

It was further alleged that because of depressed business conditions, complainant had been unable to dispose of any of said lots at a reasonable price; but was holding them with a view of eventually selling them and retrieving most

of the sum of $659,300.63; that complainant has a bonded indebtedness of approximately $6,000,000.00 which is in default, and its tax collections have only been ample to pay operating expenses and make a small payment on its indebtedness; that complainant is without funds to compel reasonable bids for said lots at the sale, and to permit such sale would result in gross and wanton sacrifice of complainant's property; and that if said lots sold for sufficient to pay the judgment of Augustus T. Ashton, the burden of the remainder of tax and special assessment liens would be cast on the property and taxpayers of complainant generally, greatly interfering with its system of taxation and working undue hardship on the public generally; that Augustus T. Ashton has another adequate remedy for collection and satisfaction of said judgment and should be required to resort thereto.

Defendants made a motion to dismiss the bill of complaint substantially on the following grounds: That complainant has not made an equitable showing entitling it to the relief prayed; that the bill alleges that the levy is illegal, so no occasion arises for equitable interposition; that the legislative Act is not properly pleaded; that the court cannot take judicial cognizance that House Bill No. 42 was passed by the Legislature and approved by the Governor on April 19, 1935, and that provisions of said bill are part of the statute law of Florida; or that House Bill No. 42 was duly and regularly enacted by the Legislature, approved by the Governor and is now part of the statute law of Florida; that if, on April 19, 1935, a statute was enacted providing that no execution may be levied under a judgment against a municipal corporation, it would be retrospective in effect as to the levy complained of in the bill; that under the allegations of the bill, equitable interposition would impair a

vested right of Augustus T. Ashton; that Augustus T. Ashton, as alleged in the bill, enjoys a vested right protected by the due process of law clause of both State and Federal Constitutions; that complainant has a full, complete and adequate remedy at law; that the bill seeks to deprive Augustus T. Ashton of his property without due process of law; that the bill does not show that the purported legislative enactment is retrospective in application and operation; that it appears from the bill that the purported legislative enactment is operative prospectively and not retrospectively.

Complainant made application for a temporary restraining order at the same time.

After hearing, the court denied the application for a temporary restraining order, and granted the motion to dismiss the bill of complaint, whereupon complainant took this appeal.

Land acquired by a municipal corporation under tax foreclosure proceedings to enforce liens of special assessment or general municipal taxes, and held by that municipal corporation for resale, as provided by statute, may be levied upon and sold to satisfy a judgment recovered against that municipality. See Keith v. Drainage District, 183 Ark. 786, 38 S. W. (2d) 755; City of Sanford v. Dofnos Corporation, 114 Fla. 795, 156 So. 142.

Municipally owned property unconnected with any public function resting upon the municipal government as such is liable to execution on a judgment obtained against that municipality. See City of Coral Gables v. Hopkins, 107 Fla. 778, 144 So. 385; City of Sanford v. Dofnos Corporation, 115 Fla. 795, 156 So. 142.

The rendition of a judgment against a municipal corporation does not create a general lien on real estate owned

by that municipality which is subject to levy of execution. But a lien exists only after some particular parcel or parcels of land, belonging to the municipality and subject to execution and sale, have been levied upon. City of Sanford v. Dofnos Corporation, 115 Fla. 795, 156 So. 142.

The allegations of the bill show that the municipally owned lots, being held for resale, were levied upon eight days prior to House Bill No. 42, Chapter 17125, Laws 1935, being approved by the Governor and becoming a law. Thus Augustus T. Ashton acquired his lien upon the lots levied upon before the enactment of the law, which was enacted to prevent judgment creditors levying on municipally owned property, thus compelling them to resort to mandamus as their only remedy.

By the levy of execution on those certain described lots, belonging to the City of Sanford, Augustus T. Ashton acquired a lien thereon. See City of Sanford v. Dofnos Corporation, 115 Fla. 795, 156 So. 142. A lien is a qualified right or a proprietary interest, which may be exercised over the property of another. It is a right which the law gives to have a debt satisfied out of a particular thing. 17 R. C. L. 596, Sec. 2. The qualified right or proprietary interest thus attained by Augustus T. Ashton in these lots vested in him on the date of the levy, to-wit, April 11, 1935.

A vested right has been defined as "an immediate fixed right of present or future enjoyment" and also as "an immediate right of present enjoyment, or a present fixed right of future enjoyment." Pearsall v. Great Northern R. Co., 161 U. S. 646, 16 Sup. Ct. 705, 40 L. Ed. 838.

The Constitutions of both the State of Florida and of the United States provide that no person shall be deprived of his property without due process of law. Sec. 12, Bill of Rights, Florida Constitution; Fifth Amendment, U. S.

Constitution. These constitutional provisions fully protect any impairment of vested rights. 6 R. C. L. 310, Sec. 297.

Therefore, the law enacted by the Legislature and approved by the Governor on April 19, 1935, could not affect the vested rights of Augustus T. Ashton acquired prior thereto by his levy of execution, even if the legislative Act is valid, which we do not here determine.

The order of the Chancellor below dismissing the bill of complaint is affirmed.

Affirmed.

WHITFIELD, C. J., and TERRELL, BROWN and DAVIS, J. J., concur.