D. H. SLOAN, JR., as Clerk of the Circuit Court, Tenth Judicial Circuit, in and for Polk County, v. STATE, *ex rel.* SELECT TENURES, INC.

176 So. 273.

En Banc.

Opinion Filed September 27, 1937.

*Carver & Langston,* for Plaintiff in Error;

*Patrick H. Mears* and *Smith & Petteway,* for Defendant in Error.

CHAPMAN, J.—On the 9th day of November, 1936, defendant in error filed in the Circuit Court of the Tenth Judicial Circuit of Polk County, Florida, a petition for an alternative writ of mandamus directed to the plaintiff in error to this cause. The material allegations of the petition recite the recovery of a judgment in a common law action in the Circuit Court of Polk County, Florida, against the City of Lakeland, a municipal corporation, and that the judgment is in full force and effect, not having been affected by a motion for new trial, supersedeas order, but the same was and is determinative of all the issues involved in said cause. That the City of Lakeland was the owner of improved and unimproved real estate acquired by the foreclosure of its tax and special assessment liens which it now holds in its proprietary capacity as differentiated from its governmental capacity, other necessary allegations appear to state a cause of action.

Upon the filing of the petition an alternative writ of mandamus issued and was directed to the then named Clerk, viz.: Honorable J. D. Raulerson, and since the Honorable D. H. Sloan became and now is Clerk of the Circuit Court in and for Polk County, Florida, and an order of substitution was duly entered.

The respondent in response to the alternative writ on November 16, 1936, filed its motion to quash and upon hearing the lower court denied the same, but allowed 15 days in which to answer. An answer was filed admitting the recovery of a judgment against the City of Lakeland as al-

ieged in the petition and alternative writ, admitted the ownership by the City of Lakeland of valuable houses, lots, improved properties, vacant lots and other real estate which were acquired by foreclosure of its tax and special assessment liens and the city hold the same in its proprietary capacity and that said property is useful to the City of Lakeland in its public or governmental capacity. That this property is held by the City of Lakeland in a proprietary trust capacity, and for said reason or reasons the judgment creditor, petitioner herein, as a matter of law is not entitled to levy upon its said property acquired by lien foreclosures.

The relator below directed a demurrer to the answer or return of the respondent and among the grounds thereof were:

1. The return admits that the respondent acquired title by foreclosure of its tax and special assessment liens.

2. The return shows on its face that the title to the property is held by the city in its proprietary capacity.

3. The return assigns no legal reason why a writ of *fieri facias* should not issue on the judgment recorded March 5, 1936, in the Circuit Court Judgment Book at page 506 now of record in the office of Clerk of Circuit Court of Polk County, Florida. On hearing the demurrer of the relator to the return or answer of the respondent was sustained and on motion a final judgment was entered against the respondent and a writ or error issued and the cause is here for review and five assignments of error are made and given for the reversal of said judgment.

In the disposal of this cause, it seems that we can consider the five assignments urged here under the single question, viz.: Did the lower court err in the entry of the final judgment upon which the writ of error to this Court is based? The question must be answered in the negative.

This cause is controlled by and decided by the authority of State, *ex rel.* Select Tenures, Inc., v. J. D. Raulerson, Clerk of the Circuit Court of the Tenth Judicial Circuit of the State of Florida, in and for Polk County, Florida, decided at the present term and reported in 129 Fla. 346, 176 Sou. Rep. 270, being a suit of original jurisdiction between the same parties as the suit at bar and similar subject matter. The judgment of the lower court is affirmed.

ELLIS, C. J., and WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.