STATE, *ex rel.* SELECT TENURES, INC., v. J. D. RAULERSON, as Clerk of the Circuit Court, Tenth Judicial Circuit, in and for Polk County.

176 So. 270.
Opinion Filed September 27, 1937.

*Smith & Peteway* and *Patrick H. Mears,* for Relator;
*Carver & Langston,* for Respondent.

CHAPMAN, J.—On October 27, 1936, relator filed in this Court its petition for an alternative writ of mandamus, alleging among other things, the recovery of a judgment as principal and interest in the total sum of $15,582.80 in

the Circuit Court of Polk County, Florida, against the City of Lakeland on the 25th day of September, A. D. 1936. That no motion has been filed to set aside said judgment, no notice of an appeal had been given, nor a supersedeas bond filed, and that said judgment is a just and lawful obligation against the municipality of the City of Lakeland.

The aforesaid judgment is for matured and unpaid bonds and interest coupons issued by the City of Lakeland during the years 1924, 1925, 1926, 1927. The bonds and interest coupons in question were issued by the City of Lakeland for municipal purposes such as street improvement, fire station building, jail and stockade, incinerator, sewer, civic centre, and municipal improvements and nothing appears in the record that the moneys arising from the sale thereof were not used for these purposes and these bonds and coupons were the obligations of the City of Lakeland duly issued in full compliance with the laws of Florida and all acts and things required by law as a condition precedent to making same municipal obligations were fully discharged.

It further appears by the petition that the City of Lakeland is the owner of improved and unimproved properties and real estate acquired by foreclosure of tax and municipal assessment liens against said properties and upon the acceptance of conveyances thereto cancelled of record the lien or liens held by it against said property or properties, the effect of which placed the title to said real property in the City of Lakeland at the time of filing the petition for an alternative writ of mandamus in this Court. Likewise a demand was made on the Clerk of the Circuit Court of Polk County, Florida, for the issuance of a writ of *fieri facias* on the aforesaid judgment. The Clerk of the Circuit Court of Polk County, Florida, refused and otherwise declined to issue the writ of *fieri facias* so requested because

he is prohibited from so doing by virtue of Chapter 17125, enacted by 1935 session of the Legislature. This Act provides that no money, judgment or decree against a municipal corporation shall be a lien upon its property, nor shall any *fieri facias* or any other writ in the nature of a *fieri facias* based upon any such judgment be issued or levied. The bonds and about all the coupons, obligations of the City of Lakeland, were past due and unpaid prior to the enactment of Chapter 17125, Laws of Florida, 1935, but the judgment is dated September 25, 1936, and recorded in the Circuit Court Judgment Book S, page 525, on September 28, 1936.

On October 27, 1936, an alternative writ of mandamus issued on said petition and was duly served on the respondent and in obedience to the commands thereof on the 5th day of November, A. D. 1936, the said respondent through counsel filed his said motion to quash and assigned, among others; the following grounds:

"1. The allegations of the alternative writ of mandamus do not make or state a cause of action entitling the relator to the relief prayed for.

"2. The Acts of the Legislature of the State of Florida mentioned in the alternative writ of mandamus is a valid subsisting law.

"3. The allegations of the alternative writ are insufficient to entitle the relator to the relief demanded.

"4. The relator acquired its bonds with notice that the laws with relation to their enforcement were subject to legislative changes.

"5. The relator has not a vested right to levy upon property owned by the City in its proprietary and not governmental capacity.

"6. The property owned * * * and acquired by foreclos-

ure sales is held by the city in a trust capacity and not exclusively for debt service.

"7. The relator has no vested rights in property of the City of Lakeland, acquired for the non-payment of taxes to be liquidated, and applied to payment of relator's judgment.

The first question presented by the petition, alternative writ and motion to quash is: Does Chapter 17125, Acts of 1935, preclude or bar the issuance of a writ of execution on the judgment of the relator obtained against the City of Lakeland? This question must be answered in the negative. In the early case of County Commisioner of Columbia County v. King, 13 Fla. 451, this Court held: "The laws in force at the time of making a contract, and in pursuance of which the contract is made, enter into and form a part of the contract as if they were incorporated into it, including those which affect its validity, construction, discharge and enforcement."

In Humphreys v. State, *ex rel.* Palm Beach Co., 108 Fla. 92, 145 Sou. Rep. 858, text page 861, it was stated: "This Court has long since held that all the laws which subsist at the time and place of the making of a contract and where it is to be performed, enter into and become a part of the contract made, as if they were expressly referred to and incorporated in its terms, including alike those laws which affect its construction, validity, enforcement or discharge. Comm'rs of Columbia County v. King, 13 Fla. 451, 474; State, *ex rel.* Dos Anigos v. Lehman, 100 Fla. 1313, 131 So. 533. Indeed, such is the holding of the unbroken current of decisions of the Supreme Court of the United States and of other federal courts, by which decisions we are bound. See: State, *ex rel.* Van Ingen v. City of Panama City, 126 Fla. 776, 171 Sou. Rep. 760. There can be no question

about the duty of the Clerk of the Circuit Court of Polk County, Florida, to issue a writ of execution on the judgment recorded in Circuit Court Judgment Book "S," at page 506, regardless of Chapter 17125, Acts of 1935.

The second question here for consideration is: Is the improved and unimproved real estate acquired by foreclosure of tax and special assessment liens now owned by the City of Lakeland subject to levy and sale on writ of execution based on said judgment? This Court had before it a similar question in the suit of City of Sanford v. McClelland, 121 Fla. 253, 163 Sou. Rep. 513. The following language was used:

"1. Land acquired by a municipal corporation under tax foreclosure proceedings to enforce liens of special assessment or general municipal taxes, and held by the municipal corporation for resale, as provided by statutes (Sp. Acts 1923, c. 9897, Sec. 89) may be levied upon and sold to satisfy a judgment recovered against that municipality. See Keith v. Drainage District, 183 Ark. 786, 38 S. W. (2nd) 755; City of Sanford v. Dofnos Corporation, 115 Fla. 795, 156 So. 142."

"2. Municipally owned property unconnected with any public function resting upon the municipal government as such is liable to execution on a judgment obtained against that municipality. See City of Coral Gables v. Hopkins, 107 Fla. 778, 144 So. 385; City of Sanford v. Dofnos Corporation, 115 Fla. 795, 156 So. 142."

Presiding Justice ELLIS in a concurring opinion in the case of Hoperich v. City of Sebring, 119 Fla. 250, 161 Sou. Rep. 275, text page 277, said:

"As applied to property owned by a city, I am of the opinion that there is no such class of municipally held property as 'statutory trust property' as distinguished from

property which the city owns for governmental and public purposes. All such property held by the city for government or public purposes may be said to be 'trust property'; and as the city exists by virtue of a statute, and has its powers only under a statute, all 'trust property' held by the city may be said to be statutory trust property. The theory, however, that property acquired by the city for any purpose, governmental or proprietary, becomes invested with a mystical virtue of immunity from sale under execution merely because it was purchased with the proceeds of the sale of city bonds authorized to be issued by statute has no foundation in law nor justification in reason."

It appears that the last question cannot at this time be properly before this Court, first, because no writ of execution has by the Clerk been issued; second, no levy or attempted sale of property of the City of Lakeland has been made; third, the City of Lakeland is not a party now before the Court, but the facts stated in the petition and admitted to be true on motion to quash are similar to the facts appearing in the City of Sanford v. McClelland, *supra*.

The motion to quash the alternative writ of mandamus previously issued is hereby denied. The respondent is allowed 10 days in which to plead as advised. If no further pleadings are filed within said 10 days period by the respondent, the relator is authorized to make application to this Court, for such further order or orders as shall be conformable to law.

ELLIS, C. J., and WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.

BROWN, J. (concurring).—Counsel for respondent contend that the statute in question is not in violation of the contract clause of the Federal Constitution, because the bondholder still has a substantial remedy left by way of

mandamus, citing Cragin v. Ocean & Lake Realty Co., 101 Fla. 1337, 135 So. 795. But this is not exactly the point here involved. Here the bondholders had two sources of security to protect the payment of his bonds; one, the taxing power of the city as it existed when the bonds were issued, which could be compelled to be exercised by mandamus, and the other the property of the city which could be reached by judgment and execution. When the contract was made, the bondholder had the right to rely upon both of these securities; assets, if you will, and the only remedy to enforce the payment of the contract against the City's property was by judgment and execution. Under the federal decisions it appears that to take away the only effective remedy against city property would be an impairment of the contract. See the United States Supreme Court decisions cited in Folks v. Marion County, 163 So. 298, 121 Fla. 17.