IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-1671

MARSHALL STRANBURG, in his official capacity as Executive Director, Florida Department of Revenue, and DAN SOWELL, Bay County Property Appraiser,

      Appellants,

v.

PANAMA COMMONS L.P.,

      Appellee.

_____/

Opinion filed April 8, 2015.

An appeal from the Circuit Court for Bay County.
Michael C. Overstreet, Judge.

Pamela Jo Bondi, Attorney General, and William H. Stafford, Assistant Attorney General, Tallahassee, for Appellant Marshall Stranburg, as Executive Director of Department of Revenue; Loren E. Levy of the Levy Law Firm, Tallahassee, for Appellant Dan Sowell, as Bay County Property Appraiser.

M. Stephen Turner and David K. Miller of Broad and Cassel, Tallahassee, for Appellee.

SWANSON, J.

      Appellants seek review of a final summary judgment concluding that appellee was entitled to a 2013 property tax exemption for its affordable housing

project under section 196.1978, Florida Statutes (2012). In granting summary judgment for appellee, the trial court found that the Legislature's attempt to retroactively repeal this property tax exemption for the 2013 tax year was unconstitutional and that appellee satisfied the statutory requirements for the exemption. We affirm in all respects, limiting our discussion to the constitutional issue.

Appellee is a nonprofit Florida limited partnership that constructed a ninety-two-unit affordable housing project in Panama City. The Bay County Property Appraiser granted the project a full tax exemption for the 2012 tax year under section 196.1978. Appellee then renewed its exemption for the 2013 tax year by filing a timely application. After appellee filed its application, the Legislature passed legislation eliminating the tax exemption for affordable housing property owned by limited partnerships retroactively to the 2013 tax roll. On June 19, 2013, the property appraiser issued a notice of disapproval for the 2013 tax exemption, citing the 2013 change in the law. Appellee then challenged the property appraiser's decision in circuit court, claiming the retroactive repeal of the tax exemption for limited partnerships was unconstitutional. The trial court granted a partial summary judgment for appellee upon finding that appellee's right to a tax exemption vested on January 1, 2013; that the retroactive repeal of this tax exemption was unconstitutional because it impaired a vested right and imposed a

2

new tax obligation not in effect on January 1, 2013; and that the 2012 version of the statute controlled regarding appellee's rights and duties in 2013. Afterwards, the property appraiser issued a second notice of disapproval for the 2013 tax exemption on the ground appellee did not qualify for an exemption under the 2012 version of the statute. The trial court rejected this conclusion as well and entered final summary judgment for appellee. This appeal followed.

Although the issue before us appears to be one of first impression, we believe the trial court correctly found the retroactive repeal of this tax exemption to be unconstitutional because it impaired a vested right and imposed a new tax obligation. Our supreme court has stated:

> Article I, section 2, of the Florida Constitution guarantees to all persons the right to acquire, possess, and protect property. Section 9 of Article I provides that "[n]o person shall be deprived of life, liberty or property without due process of law." These constitutional due process rights protect individuals from the retroactive application of a substantive law that adversely affects or destroys a vested right; imposes or creates a new obligation or duty in connection with a previous transaction or consideration; or imposes new penalties. For the retroactive application of a law to be constitutionally permissible, the Legislature must express a clear intent that the law apply retroactively, and the law must be procedural or remedial in nature.

Maronda Homes, Inc. of Fla. v. Lakeview Reserve Homeowners Ass'n, Inc., 127 So. 3d 1258, 1272 (Fla. 2013) (citations omitted). The Legislature expressly indicated the law repealing the tax exemption in this case would apply

3

"retroactively to the 2013 tax roll." Chs. 2013-72, § 11, at 1273-74, 2013-83, § 3, at 1325, Laws of Fla. In doing so, the Legislature implicitly recognized the taxable or tax exempt status of real property is determined on January 1 of each year under section 192.042, Florida Statutes. Dade Cnty. Taxing Auths. v. Cedars of Lebanon Hosp. Corp., 355 So. 2d 1202, 1204 (Fla. 1978); Page v. City of Fernandina Beach, 714 So. 2d 1070, 1072 (Fla. 1st DCA 1998). As a result, the effect of the law was to retroactively eliminate appellee's entitlement to a tax exemption on January 1, 2013, or impose a new tax obligation on appellee that did not exist on January 1, 2013. In other words, this was not a remedial statute, which operated to further a remedy or confirm rights that already existed, or a procedural law, which provided the means and methods for the application and enforcement of existing duties and rights, but a substantive law altering duties and rights by imposing a retroactive tax on previously exempt property. See Maronda, 127 So. 3d at 1272 (discussing remedial, procedural, and substantive law).

We recognize that claims for tax exemptions are subject to statutory conditions such as filing an application in a timely manner. See Zingale v. Powell, 885 So. 2d 277, 285 (Fla. 2004); Horne v. Markham, 288 So. 2d 196, 199 (Fla. 1973). Under section 196.011(1)(a), Florida Statutes, appellee had to file its renewal application for the tax exemption by March 1, 2013, unless certain statutory exceptions were applicable. Under sections 196.011(6)(a) and

4

196.193(5)(a), Florida Statutes, the property appraiser had until July 1, 2013, to deny appellee's application. However, these procedural provisions did not render appellee's substantive right to renewal of the tax exemption contingent rather than vested in nature. By setting January 1 as the date on which the taxable or tax exempt status of real property is to be determined, the Legislature has created a constitutionally protected expectation that the substantive law in effect on that date will be used to make the determination. To the extent the dissent believes appellee's right to the tax exemption could not vest until the property appraiser ruled on appellee's application, which occurred after the repeal of the tax exemption, we simply cannot agree that appellee's substantive right to renewal of the tax exemption hinged on how promptly the property appraiser acted on appellee's timely application.

AFFIRMED.

WETHERELL, J., CONCURS; BENTON, J., DISSENTS WITH OPINION.

5

BENTON, J., dissenting.

Under Florida's statutory scheme for ad valorem property taxation, appellee's expectation of an affordable housing property tax exemption for the 2013 tax year was not a vested right when the Legislature repealed the provision under which it had obtained an exemption for the 2012 tax year. While "due process prevents the Legislature from retroactively abolishing or curtailing" rights that have actually vested, Maronda Homes, Inc. of Fla. v. Lakeview Reserve Homeowners Ass'n, Inc., 127 So. 3d 1258, 1272 (Fla. 2013), even a truly "'retrospective provision of a legislative act is not necessarily invalid.'" Metro. Dade Cnty. v. Chase Fed. Hous. Corp., 737 So. 2d 494, 503 (Fla. 1999) (quoting McCord v. Smith, 43 So. 2d 704, 708–09 (Fla. 1949)). The constitutional question is whether a vested right is diminished, and none was in the present case. Accordingly, I respectfully dissent.

No exemption from ad valorem taxation exists unless a property owner makes timely application, see § 196.011(1)(a), Fla. Stat. (2013), and the property appraiser grants the application (or fails to deny it by July 1). See § 196.193(5)(a), (b), Fla. Stat. (2013). As the majority opinion notes, property owners must file the exemption application with the property appraiser "on or before March 1 of each year." § 196.011(1)(a), Fla. Stat. If the property owner fails to file an exemption application by the March 1 deadline then, absent extenuating circumstances, the

6

property owner waives "the exemption privilege for that year." Id. Assuming a timely application, the property appraiser must notify the property owner in writing on or before July 1 of the same year if the property appraiser determines that the applicant's property is "not entitled to any exemption or is entitled to an exemption to an extent other than that requested in the application." § 196.193(5)(a), Fla. Stat.

Also on or before July 1, the property appraiser must assess the value of all real property, and submit the assessment roll with the amount of each exemption to the Department of Revenue for review. §§ 193.023(1); 193.114(2)(g); 193.1142(1)(a), Fla. Stat. (2013). Upon completing the assessment of all property, the property appraiser must certify to each taxing authority the taxable value of property in the taxing authority's jurisdiction. § 200.065(1), Fla. Stat. (2013). Each taxing authority then prepares a tentative budget, computes a proposed millage rate, advises the property appraiser of the proposed millage rate, and holds a public hearing. See § 200.065(2)(a)1., (b), (c), Fla. Stat. The property appraiser uses this proposed millage rate to prepare and mail a notice of proposed property taxes to each taxpayer in late August. See §§ 200.065(2)(b); 200.069, Fla. Stat. (2013). After the taxing authority adopts a tentative budget, it must hold another public hearing in order to adopt a final budget and a final millage rate, either by a millage-levy resolution or by ordinance. See § 200.065(2)(d), Fla. Stat. Only then

7

are ad valorem real property taxes levied. "'Levy' means the imposition of a tax, stated in terms of 'millage,' against all appropriately located property by a governmental body authorized by law to impose ad valorem taxes." § 192.001(9), Fla. Stat. (2013).

Separately, after any changes are made to the assessment roll by the value adjustment board and the property appraiser, the property appraiser must deliver the certified assessment roll to the tax collector. See §§ 193.122(1)-(3); 197.322(1)-(2); 197.323(1), Fla. Stat. (2013). This usually occurs sometime in October. Within 20 working days of receiving the certified assessment roll, the tax collector sends each taxpayer a notice stating the amount of current taxes due. § 197.322(3), Fla. Stat. (2013). Section 197.333, Florida Statutes (2013), provides that "[a]ll taxes shall be due and payable on November 1 of each year or as soon thereafter as the certified tax roll is received by the tax collector." Taxes assessed on November 1 become delinquent on April 1 of the following year. See id.

The statutory scheme notwithstanding, under the majority opinion's view, the "right"[1] to a property tax exemption vests on January 1. But no Florida case holds that the "right" to a property tax exemption vests on January 1. The majority opinion relies ultimately on a single statutory subsection, section 192.042(1),

_____

[1] As a general rule, tax exemptions are not deemed vested rights and tax exemption statutes may be modified or repealed unless "their repeal would impair vested rights under a contract." See 16A C.J.S. Constitutional Law § 395 (2015).

8

Florida Statutes (2013), which requires only that all real property "be assessed according to its just value" "on January 1 of each year." The courts have, indeed, also held that January 1 is the determinative date for ascertaining the use to which potentially exempt property is put. See Dade Cnty. Taxing Auths. v. Cedars of Lebanon Hosp. Corp., 355 So. 2d 1202, 1204 (Fla. 1978) (relying on section 192.042[(1)], Florida Statutes); Page v. City of Fernandina Beach, 714 So. 2d 1070, 1072 (Fla. 1st DCA 1998) (same). But the decisions in both Cedars and Page, turned on the actual use of property on January 1, not on which tax exemption statute was in effect on January 1. See Cedars, 355 So. 2d at 1204 ("[I]t is immaterial that the corporation intended to use the property for an exempt purpose subsequent to January 1; the controlling factor was that, as of the assessment date, it was not actually in use for such purpose." (emphasis omitted)); Page, 714 So. 2d at 1076 ("[T]he 'actual physical use' to which real property is being put on January 1 of the tax year in question is dispositive on the question of ad valorem taxation.").

In the present case, by contrast, appellee's use of its real property on January 1, 2013, was not in issue. Appellee was not entitled to a tax exemption because, when the Property Appraiser denied its 2013 exemption application, no exemption was legally available to it under section 196.1978, Florida Statutes (2013). The 2013 Legislature amended section 196.1978, Florida Statutes, to eliminate the

9

exemption. The amended statute was the law in effect when the Property Appraiser acted on the application, and was binding on him.

The law amending section 196.1978, Florida Statutes provided that the changes be applied "retroactively to the 2013 tax roll." Ch. 2013-83, § 3, at 1325, Laws of Fla. The language the Legislature used makes unmistakably clear its intent to repeal the tax exemption for 2013, the then current tax year, which it was permitted to do. The potentially confusing use of the word "retroactively" does not alter the fact that the 2013 repeal applied to 2013 and to no prior tax year. See Chase Fed., 737 So. 2d at 503.

As noted, "due process prevents the Legislature from retroactively abolishing or curtailing" only rights that have actually vested. Maronda Homes, 127 So. 3d at 1272; see Chase Fed., 737 So. 2d at 503. A vested right is "'an immediate, fixed right of present or future enjoyment.'" Campus Commc'ns, Inc. v. Earnhardt, 821 So. 2d 388, 398 (Fla. 5th DCA 2002) (quoting City of Sanford v. McClelland, 163 So. 513, 514–15 (Fla. 1935)). "'[T]o be vested, a right must be more than a mere expectation based on an anticipation of the continuance of an existing law; it must have become a title, legal or equitable, to the present or future enforcement of a demand, . . . .'" Div. of Workers' Comp., Bureau of Crimes Comp. v. Brevda, 420 So. 2d 887, 891 (Fla. 1st DCA 1982) (quoting Aetna Ins. Co. v. Richardelle, 528 S.W.2d 280, 284 (Tex. Civ. App. 1975)). Until and unless

10

an application for exemption is granted, an ad valorem property tax exemption is nothing more than an expectation.

All real property is subject to taxation "[u]nless expressly exempted from taxation." § 196.001, Fla. Stat. (2013); see also Hous. by Vogue, Inc. v. State, Dep't of Revenue, 403 So. 2d 478, 480 (Fla. 1st DCA 1981) ("Exemptions to taxing statutes are special favors granted by the Legislature and are to be strictly construed against the taxpayer."), aff'd, 422 So. 2d 3 (Fla. 1982). Just as the Legislature may enact statutes authorizing the grant of tax exemptions, "it lies within the legislature's prerogative to repeal tax exemptions and impose taxes on lands previously exempt." Straughn v. Camp, 293 So. 2d 689, 695 (Fla. 1974); see also Daytona Beach Racing & Recreational Facilities Dist. v. Volusia Cnty., 372 So. 2d 419, 420 (Fla. 1979) ("[A] subsequent legislature has the unquestioned authority to repeal prior tax exemption statutes.").

The majority opinion holds that appellee had a vested right to the affordable housing property tax exemption prior to applying for the exemption, prior to receiving notice of the Property Appraiser's determination, prior to the Property Appraiser's certification of the tax roll,[2] and prior to the levy of any tax. But

---

[2] After the tax roll is certified, mistakes in the property appraiser's judgment, including mistakes in granting and denying exemptions, cannot be corrected unless they are errors of omission or commission. See § 197.122(1), Fla. Stat. (2013); Ward v. Brown, 892 So. 2d 1059, 1059–60, 1062 (Fla. 1st DCA 2003), aff'd, 894 So. 2d 811 (Fla. 2004); see also Underhill v. Edwards, 400 So. 2d

11

appellee was never granted an exemption on its property for the 2013 tax year. Appellee had a "'mere expectation based on an anticipation of the continuance of an existing law'" that it would receive the exemption for the 2013 tax year after it had received the exemption for the 2012 tax year under the 2012 statute. Brevda, 420 So. 2d at 891 (citation omitted). The Property Appraiser denied appellee's exemption application based upon section 196.1978, Florida Statutes (2013), the law in effect when he acted. Just as the Legislature has made ad valorem tax exemptions applicable in the tax year in which they were enacted or expanded,[3] so the 2013 Legislature had the constitutional prerogative to make the repeal of the exemption at issue here apply to the 2013 tax year.

The Legislature's repeal of a tax exemption it had previously expanded in order to encourage limited partnerships to provide affordable housing may be questionable as a matter of policy, considering the long-term financing often required for such projects. This would, of course, be equally true under the majority opinion's view that the repeal takes effect in 2014, not in 2013 as the

_____

129, 132 (Fla. 5th DCA 1981) (holding that "a determination in 1977 that the property should not have been exempted in 1976 is a change in judgment and is prohibited under the cited cases"). By implication, a property appraiser may change his or her judgment regarding an exemption until the tax roll is certified.

[3] See Ch. 2012-193, § 33, at 2675, Laws of Fla. (providing that a number of amendments to tax exemption statutes would "first apply to ad valorem tax rolls for 2012"); Ch. 2011-93, § 6, at 1708, Laws of Fla. (providing that the newly created ad valorem tax exemption for deployed servicemembers under section 196.173, Florida Statutes "shall take effect upon becoming a law, and first applies to ad valorem tax rolls for 2011").

Legislature specified. But, whatever the wisdom of its choice, the Legislature was free to repeal the provision authorizing the exemption previously available to appellee. I would reverse the judgment below, and remand with directions to grant appellants' motions for summary judgment.