McCORD, Judge.
Appellants appeal from a final order of the Department of Revenue assessing sales tax and a penalty against them. The Department determined the tax to be due on materials purchased by appellants and used in the performance of their contract with the Florida Department of Education for construction of relocatable educational facilities. We affirm.
Appellants contracted with the Department of Education to construct relocatable classroom prototypes to be owned by the department but capable of being transported to various county school districts whenever the need arose for extra classroom space. The construction of these units was authorized by § 235.211(1), Florida Statutes (Supp.1974), School design, construction techniques, and financing mechanisms—(1) RELOCATABLE FACILITIES REQUIRED.
The units were to be movable and capable of being set up on different sites without damage or modification. The construction was similar to that of a mobile home in that each unit had a steel undercarriage with axles and wheels for transportation. Although the parties seem to agree that these units are personalty, they do have attributes of realty. When the units are set up and operational, they are attached to the ground by tie-down straps or a corkscrew-type hellical anchor foundation. The units required site preparation and foundation work prior to being secured to the ground. Also, the units were attached to the soil by way of water and sewer lines.
Appellants contend that the units are tangible personal property sold to the state, and, therefore, no tax was due pursuant to § 212.08(6), Florida Statutes, which states:
(6) EXEMPTIONS; POLITICAL SUBDIVISIONS, COMMUNICATIONS. —There shall also be exempt from the tax imposed by this chapter sales made to the United States Government, the state, or any county, municipality or political subdivision of this state; provided this exemption shall not include sales of tangible personal property made to contractors employed either directly or as agents of any such government or political subdivision thereof when such tangible personal property goes into or becomes a part of public works owned by such government or political subdivision thereof .. .
The hearing officer found these relocatable classroom units to be tangible personal property. However, he determined that they were “public works” within the meaning of subsection 212.08(6), Florida Statutes. He, therefore, recommended that a tax be assessed because the materials and supplies necessary for the fabrication, transportation and installation of the units were “tangible personal property which went into or became a part of public works owned by the state.” The Department of Revenue adopted the findings and recommendations of the hearing officer.
Neither party has challenged the hearing officer’s determination that the units are tangible personal property, but whether or not they are real or personal property is not determinative. The sole issue is whether the units are “public works.”
Appellant argues that public works are limited to realty and fixed works such as docks, railways, roads, etc. Demeter Land Co. v. Florida Public Service Commission, 128 So. 402, 99 Fla. 954 (Fla.1930). The Department of Revenue urges that the definition of “public works” is not restricted to realty and includes these relocatable classroom units. Both parties cite 26 FlaJur. Public Works and Contracts § 2 which states:
While the term “public works” has been defined as all fixed works constructed for public use, such as railways, docks, canals, *480 waterworks, roads, and the like, the determination of what are public works is often a question of statutory construction. Such works as are by statute authorized to be constructed for public purposes by the state or its agencies are generally regarded as public works.
While all fixed works constructed for the state or its subdivisions are public works, we do not consider that “public works” are limited to fixed works. Demeter Land Co., supra, does not mandate such a limitation. The construction of these relocatable units was authorized by statute for school design and construction, § 235.-211(1), Florida Statutes. The contract of construction was bid and administered just as any contract for fixed work would have been and carried the same bonding requirements. Sections 235.32 and 255.05, Florida Statutes. A project architect administered the project. The only distinction between this contract and a traditional contract for a construction of a fixed building is that these units are relocatable. We do not consider this to be a material distinction in the determination of whether or not appellants have shown that this construction comes within the exemption.
Exemptions to taxing statutes are special favors granted by the Legislature and are to be strictly construed against the taxpayer. State v. Thompson, 101 So.2d 381 (Fla.1958); State ex rel. Szabo Food Service, Inc., of N.C. v. Dickinson, 286 So.2d 529 (Fla.1973). We hold that these relocatable classroom units are “public works” within the meaning of § 212.08(6), and therefore a tax was due on the sale of the materials and supplies which went into their construction.
We previously filed an opinion in this cause on January 27, 1981, which was identical up to this point with this opinion, but on petition for rehearing, we vacated that opinion and relinquished jurisdiction to the hearing officer of the Division of Administrative Hearings for reconsideration of his recommended order in the light of Rule 12A-1.94, Florida Administrative Code (adopted June 3, 1980), by which appellee, the Department of Revenue, defined the term “public works” in relation to public works contracts.[1] This rule was not called to our attention prior to the release of our aforesaid opinion, and there was no indication in the record that it was considered by either the hearing officer or appellee. Ap-pellee, Florida Department of Revenue, has now entered its final order upon remand and reconsideration adopting the findings of fact and conclusions of law of the hearing officer entered upon remand. The findings and conclusions of both the hearing officer and the Department of Revenue remain the same as in the hearing officer’s previous recommended order and the previous order of the Department of Revenue with the exception that both find that Rule 12A-1.94, Florida Administrative Code, was adopted subsequent to the previous final order of the Department of Revenue, that it was not intended to apply retroactively and has no application to this case. We agree and we make no ruling here on the validity, meaning or effect of this rule.
Supplemental briefs were filed by the parties and after consideration thereof, we adhere to our previous ruling and opinion which is stated above.
AFFIRMED.
MILLS, J., concurs.
BOOTH, J., dissents without written opinion.

. This rule appears to be an effort to confine “public works” to real property only and to define “real property” to include such structures as the relocatable classroom prototypes involved in this proceeding.