UPCHURCH, Chief Judge.
The Department of Revenue, State of Florida, appeals a judgment in favor of Imperial Builders & Supply, Inc. invalidating a tax assessment. Appellee sells greenhouse materials at retail and also constructs greenhouses. It instituted suit pursuant to section 72.011, Florida Statutes, challenging the legality of a sales and use tax assessment made by the department.
The assessments challenged by appellee related to greenhouses and materials sold to growers and the effect of the tax exemption provided by section 212.08(5)(a), Florida Statutes. This exempts “cloth, plastic and other similar materials used for shade, *1031 mulch or protection from frost or insects on a farm.”
Appellee works in several ways. It sells the materials to growers directly and also sells the materials as part of a contract for finished shade or greenhouse enclosures. In this latter instance, Imperial may or may not furnish the labor for actual erection of the structure on the purchaser’s property.
The court concluded that Imperial’s practice of not collecting sales tax on the materials used in the finished greenhouses was proper. The court concluded that in such cases, appellee is the user of the materials and that sales tax should be based on ap-pellee’s cost of materials and not on the contract sales price charged to the grower as urged by the department. Further, the court ruled that the exemption found in section 212.08(5)(a) relates to the end use of the materials and not the form of the sale and that since the materials in the finished greenhouses were being used as per the exemption, no sales tax applied to such items. The court went on to conclude that the cloth and plastic in such structures would serve no useful function without the supporting frames, nails, etc. and held that the entire greenhouse and component parts were exempt from sales tax.
We agree with the trial court that the materials used for the purposes specified in the statute are exempt whether appellee erects the structure or the grower does. However, we disagree that the exemption applies to all component parts of the greenhouses.
In considering this latter point, we have, upon the department’s motion, taken judicial notice of two of its decisions ruling that wooden tomato stakes do not fall within the language of the exemption. Pitch Pines Lumber Co. v. Department of Revenue, Dept. Case No. 83-371 (order entered March 26, 1984); Six L’s Farms, Inc. v. Department of Revenue, Dep’t Case Nos. 79-2338, 79-2339 (order entered March 26, 1984). In Pitch Pines, the department strictly construed the exemption and concluded that tomato stakes are dissimilar from cloth and plastic and are not included within the exemption. We agree that the trial court read the exemption too broadly.
As the department points out, exemptions to the tax statutes are special favors granted by the legislature and are to be strictly construed against the taxpayer. State ex rel. Szabo Food Service, Inc. v. Dickinson, 286 So.2d 529 (Fla.1973); Housing by Vogue, Inc. v. State, Department of Revenue, 403 So.2d 478 (Fla. 1st DCA 1981). Further, under the doctrine of ejusdem generis governing statutory construction, when an enumeration of specific things is followed by some general word or phrase, the general word or phrase will be construed to refer to things of the same kind or species as those specifically enumerated. Arnold v. Shumpert, 217 So.2d 116 (Fla.1968). The phrase “other similar materials” therefore encompases items of the same kind or species as cloth and plastic. Frames, nails and the like used in the construction of greenhouses are not such items.
We reject the department’s remaining challenges to the final judgment. The department argues that the contracts without erection labor employed by appellee constitute a mere agreement to sell tangible personal property as opposed to improvements to real property (as the department concedes the contracts which include erection labor are) and that sales tax is due on the contract sales price and not simply upon appellee’s cost of materials. The department maintains that the trial court erred in ruling that both of appellee’s contracts represent the same basic type of transaction, that being contracts for the improvement of real property, and are both to be treated the same for sales tax purposes, i.e., with tax being due on the cost of materials.
As brief background, section 212.05, Florida Statutes, declares it to be the legislative intent that every person who engages in the business of selling “tangible personal property” at retail in this state is exercising a taxable privilege. Section 212.05(l)(a)l.a., Florida Statutes, states that for the exercise of such privilege, a tax is levied at the rate of five percent of the sales price of each item of tangible *1032 personal property. Section 212.02(4), Florida Statutes, defines “sales price” to mean the total amount paid for tangible personal property, including any services that are a part of the sale. The department contends that given this, appellee’s contracts which do not include erection labor are for materials only and tax is computed on the sales price though appellee provides some services as part of such transactions such as designing and specification of component parts.
The department’s analysis is sound as far as it goes but overlooks several important considerations. First, the evidence at trial established that the contracts without erection labor contemplated a finished greenhouse with payment made after the greenhouse is finished and in use. Furthermore, even under such contracts, appel-lee explains the erection methods to the laborers being used by the grower and, in fact, frequently arranges for erection laborers who are then paid by the grower. In short, these contracts in practice seem to be more than just contracts for the sale of materials only and the trial court could have correctly viewed such contracts as being for improvements to real property. Common logic dictates that delivery of a finished greenhouse can only constitute a direct improvement to real property.
Since these contracts can be considered contracts for improvements to real property, the department’s own rule 12A-1.51, F.A.C., is implicated. This rule governs the taxability of purchases or use of tangible personal property by contractors who repair, alter, improve and construct real property. By way of subsection (2)(a) of the rule which covers “[cjontracts in which the contractor or subcontractor agrees to furnish materials and supplies and necessary services for a lump sum,” appellee would become the ultimate consumer and sales taxes would be assessed on appellee’s cost of materials as the trial court found and as appellee has traditionally paid.
The department next argues that as to the contracts which include erection labor, appellee is the ultimate consumer of all the materials it utilizes in fulfilling the contract and is not entitled to the sales tax exemption for cloth and plastic found in section 212.08(5)(a), Florida Statutes, when it purchases such items from suppliers for use in such contracts.
While the department relies upon the rule of strict construction of tax exemptions discussed previously, its view would permit a grower who buys the items directly to claim the exemption but would prevent a grower who employs a contractor to build a greenhouse on his property from availing himself of the exemption, even though the ultimate use of the items is exactly the same, i.e., “for shade, mulch, or protection from frost or insects on a farm” as per the statute. So long as the appropriate certificate is executed as per the statute, the salutary purpose of the exemption is thwarted by the department’s view[1] which the trial court correctly rejected.
Finally, as to the department’s claim that appellee failed to show it properly executed the exemption certificates, the court made no finding on this question, nor does it appear to have been raised as an issue below.
AFFIRMED IN PART; REVERSED IN PART.
SHARP, J., and HARRIS, C.M., Associate Judge, concur.

. The department points out that its rule 12A-1.-48(12) provides that "items entitled to exemption when purchased for use on a farm include cloth, plastic, ...” and argues that here the items were purchased by appellee in its construction business. This rule, to the extent the department construes it as requiring direct purchase for use on a farm, adds an unwarranted gloss not contemplated by section 212.08(5)(a).