SWANSON, J.
Appellants seek review of a final summary judgment concluding that appellee was entitled to a 2013 property tax exemption for its affordable housing project under section 196.1978, Florida Statutes (2012). In granting summary judgment for appellee, the trial court found that the Legislature’s attempt to retroactively repeal this property tax exemption for the 2013 tax year was unconstitutional and that appellee satisfied the statutory requirements for the exemption. We affirm in all respects, limiting our discussion to the constitutional issue.
Appellee is a nonprofit Florida limited partnership that constructed a ninety-two-unit affordable housing project in Panama City. The Bay County Property Appraiser granted the project a full tax exemption for the 2012 tax year under section 196.1978. Appellee then renewed its exemption for the 2013 tax year by filing a timely application. After appellee filed its application, the Legislature passed legislation eliminating the tax exemption for affordable housing property owned by limited partnerships retroactively to the 2013 tax roll. On June 19, 2013, the property appraiser issued a notice of disapproval for the 2013 tax exemption, citing the 2013 change in the law. Appellee then challenged the property appraiser’s decision in circuit court, claiming the retroactive re-peal of the tax exemption for limited partnerships was. unconstitutional. The trial court granted a partial summary judgment for appellee upon finding that appellee’s right to a tax exemption vested on January 1, 2013; that the retroactive repeal of this tax exemption was unconstitutional because it impaired a vested right and imposed a new tax obligation not in effect on January 1, 2013; and that the 2012 version of the statute controlled regarding appel-lee’s rights and duties in 2013. After-wards, the property appraiser issued a second notice of disapproval for the 2013 tax exemption on the ground appellee did not qualify for an exemption under the 2012 version of the statute. The trial court rejected this conclusion as well and entered final summary judgment for appel-lee. This appeal followed.
Although the issue before us appears to be one of first impression, we believe the trial court correctly found the retroactive repeal of this tax exemption to be unconstitutional because it impaired a vested right and imposed a new tax obligation. Our supreme court has stated:
Article I, section 2, of the Florida Constitution guarantees to all persons the right to acquire, possess, and protect property. Section 9 of Article I provides that “[n]o person shall be deprived of life, liberty or property without due process of law.” These constitutional due process rights protect individuals from the retroactive application of a substantive law that adversely affects or destroys a vested right; imposes or creates a new obligation or duty in connection with a previous transaction or consideration; or imposes new penalties. For the retroactive application of a law to be constitutionally permissible, the Legislature must express a clear intent that the law apply retroactively, and the law must be procedural or remedial in nature.
Maronda Homes, Inc. of Fla. v. Lakeview Reserve Homeowners Ass’n, Inc., 127 *163 So.3d 1258, 1272 (Fla.2018) (citations omitted). The Legislature expressly indicated the law repealing the tax exemption in this case would apply “retroactively to the 2013 tax roll.” Chs. 2013-72, § 11, at 1273-74, 2013-83, § 3, at 1325, Laws of Fla. In doing so, the Legislature implicitly recognized the taxable or tax exempt status of real property is determined on January 1 of each year under section 192.042, Florida Statutes. Dade Cnty. Tawing Auths. v. Cedars of Lebanon Hosp. Corp., 355 So.2d 1202, 1204 (Fla.1978); Page v. City of Fernandina Beach, 714 So.2d 1070, 1072 (Fla. 1st DCA 1998). As a result, the effect of the law was to retroactively eliminate ap-pellee’s entitlement to a tax exemption on January 1, 2013, or impose a new tax obligation on appellee that did not exist on January 1, 2013. In other words, this was not a remedial statute, which operated to further a remedy or confirm rights that already existed, or a procedural law, which provided the means and methods for the application and enforcement of existing duties and rights, but a substantive law altering duties and rights by imposing a retroactive tax on previously exempt property. See Maronda, 127 So.3d at 1272 (discussing remedial, procedural, and substantive law).
We recognize that claims for tax exemptions are subject to statutory conditions such as filing an application in a timely manner. See Zingale v. Powell, 885 So.2d 277, 285 (Fla.2004); Horne v. Markham, 288 So.2d 196, 199 (Fla.1973). Under section 196.011(l)(a), Florida Statutes, appellee had to file its renewal application for the tax exemption by March 1, 2013, unless certain statutory exceptions were applicable. Under sections 196.011(6)(a) and 196.193(5)(a), Florida Statutes, the property appraiser had until July 1, 2013, to deny appellee’s application. However, these procedural provisions did not render appellee’s substantive right to renewal of the tax exemption contingent rather than vested in nature. By setting January 1 as the date on which the taxable or tax exempt status of real property is to be determined, the Legislature has created a constitutionally protected expectation that the substantive law in effect on that date will be used to make the determination. To the extent the dissent believes appellee’s right to the tax exemption could not vest until the property appraiser ruled on ap-pellee’s application, which occurred after the repeal of the tax exemption, we simply cannot agree that appellee’s substantive right to renewal of the tax exemption hinged on how promptly the property appraiser acted on appellee’s timely application.
AFFIRMED.
WETHERELL, J., concurs; BENTON, J., dissents with opinion.