# Supreme Court of Florida

_____

No. SC15-774
_____

**DAN SOWELL, et al.**,
Appellants,

vs.

**PANAMA COMMONS L.P.**,
Appellee.

[June 2, 2016]

POLSTON, J.

In Stranburg v. Panama Commons L.P., 160 So. 3d 160 (Fla. 1st DCA 2015), the First District Court of Appeal held that Panama Commons' right to due process was violated by applying the 2013 repeal of the ad valorem tax exemption under section 196.1978, Florida Statutes (2012), to the 2013 tax year.[1] However, because Panama Commons' interest in the tax exemption under section 196.1978 had not vested, we reverse.

_____

1. This Court has jurisdiction of the appeal under article V, section 3(b)(1) of the Florida Constitution.

# I. BACKGROUND

As the First District explained,

> [Panama Commons] is a nonprofit Florida limited partnership that constructed a ninety-two-unit affordable housing project in Panama City. The Bay County Property Appraiser granted the project a full tax exemption for the 2012 tax year under section 196.1978. [Panama Commons then timely filed its exemption application for the 2013 tax year.] After [Panama Commons] filed its application, the Legislature passed legislation eliminating the tax exemption for affordable housing property owned by limited partnerships retroactively to the 2013 tax roll. On June 19, 2013, the property appraiser issued a notice of disapproval for the 2013 tax exemption, citing the 2013 change in the law. [Panama Commons] then challenged the property appraiser's decision in circuit court, claiming the retroactive repeal of the tax exemption for limited partnerships was unconstitutional. The trial court granted a partial summary judgment for [Panama Commons] upon finding that [its] right to a tax exemption vested on January 1, 2013; that the retroactive repeal of this tax exemption was unconstitutional because it impaired a vested right and imposed a new tax obligation not in effect on January 1, 2013; and that the 2012 version of the statute controlled regarding [Panama Commons'] rights and duties in 2013.

Stranburg, 160 So. 3d at 162.

On appeal, the First District agreed with the trial court and held that the statutory repeal was unconstitutionally applied to the 2013 tax year because Panama Commons' substantive right to the ad valorem tax exemption under section 196.1978 had vested on January 1, 2013, before the repeal was enacted. The First District recognized "that claims for tax exemptions are subject to statutory conditions" and that "the property appraiser had until July 1, 2013, to deny [Panama Commons'] application." Id. at 163. However, the First District

concluded that "these procedural provisions did not render [Panama Commons']

substantive right to renewal of the tax exemption contingent rather than vested in

nature." Id. This is so because "[b]y setting January 1 as the date on which the

taxable or tax exempt status of real property is to be determined, the Legislature

has created a constitutionally protected expectation that the substantive law in

effect on that date will be used to make the determination." Id.

Judge Benton dissented to the First District's decision, explaining that "no

Florida case holds that the 'right' to a property tax exemption vests on January 1."

Id. at 164 (Benton, J., dissenting).

## II. ANALYSIS

Appellants argue that applying the 2013 repeal of the exemption under

section 196.1978 to the 2013 tax year does not violate due process because a

property owner does not have a vested right to the exemption before its exemption

application is granted and before the tax roll is certified. In response, Panama

Commons contends that its right to the ad valorem tax exemption for the 2013 tax

year vested on January 1, 2013, before the repeal was enacted. The parties

acknowledge that the de novo standard of review applies. We hold that due

process is not violated in this case by applying the 2013 repeal of the exemption

for limited partnerships under section 196.1978 to Panama Commons for the 2013 tax year.[2]

As this Court explained in Maronda Homes, Inc. of Florida v. Lakeview Reserve Homeowners Ass'n, Inc., 127 So. 3d 1258, 1272 (Fla. 2013) (quoting constitution), "[a]rticle I, section 2, of the Florida Constitution guarantees to all persons the right to acquire, possess, and protect property," and "[s]ection 9 of article I provides that '[n]o person shall be deprived of life, liberty or property without due process of law.' " However, "all [real] property is subject to taxation unless expressly exempt and such exemptions are strictly construed against the party claiming them." Sebring Airport Auth. v. McIntyre, 642 So. 2d 1072, 1073 (Fla. 1994); Parrish v. Pier Club Apartments, LLC, 900 So. 2d 683, 688 (Fla. 4th DCA 2005) ("[A]ll real property in the state is subject to [ad valorem] taxation 'unless expressly exempted,' see section 196.001(1), Florida Statutes, and statutes providing for an exemption are to be strictly construed with any ambiguity resolved against the taxpayer and against exemption."); see also Hous. by Vogue, Inc. v. Dep't of Revenue, 403 So. 2d 478, 480 (Fla. 1st DCA 1981) ("Exemptions to taxing statutes are special favors granted by the Legislature and are to be strictly construed against the taxpayer.").

---

2. We do not address Appellants' alternative argument that Panama Commons is not entitled to the tax exemption under the 2012 law.

"It is well established that one legislature cannot bind its successors with respect to the exercise of the taxing power, and that contract rights are ordinarily not beyond the taxing power but are generally subject thereto." Straughn v. Camp, 293 So. 2d 689, 694 (Fla. 1974). Thus, when rejecting an impairment of contracts claim, this Court in Daytona Beach Racing & Recreational Facilities District v. Volusia County, 372 So. 2d 419, 420 (Fla. 1979), explained that "a subsequent legislature has the unquestioned authority to repeal prior tax exemption statutes."

Furthermore, this Court has explained that a due process "retroactivity analysis is two-pronged, asking first if the relevant provision provides for retroactive application, and second if such application is constitutionally permissible." Fla. Hosp. Waterman, Inc. v. Buster, 984 So. 2d 478, 487 (Fla. 2008). Regarding the first prong, "[i]n order to determine legislative intent as to retroactivity, both the terms of the statute and the purpose of the enactment must be considered." Id. at 488 (emphasis omitted) (quoting Metro. Dade Cty. v. Chase Fed. Hous. Corp., 737 So. 2d 494, 500 (Fla. 1999)). Regarding the second prong, this Court has explained the following:

> A retrospective provision of a legislative act is not necessarily invalid. It is so only in those cases wherein vested rights are adversely affected or destroyed or when a new obligation or duty is created or imposed, or an additional disability is established, on connection with transactions or considerations previously had or expiated.

> McCord v. Smith, 43 So. 2d 704, 708-09 (Fla. 1949); cf. [State Farm Mut. Auto. Ins. Co. v. ]Laforet, 658 So. 2d [55, 61 (Fla. 1995)]. Generally, due process considerations prevent the State from retroactively abolishing vested rights. See [Dep't of Transp. v. ]Knowles, 402 So. 2d [1155, 1158 (Fla. 1981)].

Chase Federal, 737 So. 2d at 503.

In this case, application of the repeal to Panama Commons for the 2013 tax year passes constitutional muster because Panama Commons' right to the exemption under section 196.1978 had not vested before the repeal was enacted. "A vested right has been defined as 'an immediate, fixed right of present or future enjoyment' and also as 'an immediate right of present enjoyment, or a present, fixed right of future enjoyment.' " Buster, 984 So. 2d at 490 (quoting City of Sanford v. McClelland, 163 So. 513, 514-15 (1935)). Panama Commons did not have an immediate and fixed right to the exemption, but rather an expectation. And a statute does not operate unconstitutionally simply if it "upsets expectations based in prior law." Landgraf v. USI Film Products, 511 U.S. 244, 269 (1994).

Receiving an ad valorem tax exemption under section 196.1978 for a particular tax year is contingent upon many factors. For example, "[e]very person or organization who, on January 1, has the legal title to [real property] shall, on or before March 1 of each year, file an application for exemption." § 196.011(1)(a), Fla. Stat. (2013). Failure to timely file an application by "March 1 of any year shall constitute a waiver of the exemption privilege for that year." Id. Then, the

property appraiser must review the exemption application and notify its filer "in writing on or before July 1" if the property "is not entitled to any exemption or is entitled to an exemption to an extent other than that requested." § 196.193(5)(a), Fla. Stat. (2013). And Judge Benton, in his dissent to the First District's decision, described these additional steps of the statutory scheme:

> Also on or before July 1, the property appraiser must assess the value of all real property, and submit the assessment roll with the amount of each exemption to the Department of Revenue for review. §§ 193.023(1); 193.114(2)(g); 193.1142(1)(a), Fla. Stat. (2013). Upon completing the assessment of all property, the property appraiser must certify to each taxing authority the taxable value of property in the taxing authority's jurisdiction. § 200.065(1), Fla. Stat. (2013). Each taxing authority then prepares a tentative budget, computes a proposed millage rate, advises the property appraiser of the proposed millage rate, and holds a public hearing. See § 200.065(2)(a)1., (b), (c), Fla. Stat. The property appraiser uses this proposed millage rate to prepare and mail a notice of proposed property taxes to each taxpayer in late August. See §§ 200.065(2)(b); 200.069, Fla. Stat. (2013). After the taxing authority adopts a tentative budget, it must hold another public hearing in order to adopt a final budget and a final millage rate, either by a millage-levy resolution or by ordinance. See § 200.065(2)(d), Fla. Stat. Only then are ad valorem real property taxes levied. " 'Levy' means the imposition of a tax, stated in terms of 'millage,' against all appropriately located property by a governmental body authorized by law to impose ad valorem taxes." § 192.001(9), Fla. Stat. (2013).
> Separately, after any changes are made to the assessment roll by the value adjustment board and the property appraiser, the property appraiser must deliver the certified assessment roll to the tax collector. See §§ 193.122(1)-(3); 197.322(1)-(2); 197.323(1), Fla. Stat. (2013). This usually occurs sometime in October. Within 20 working days of receiving the certified assessment roll, the tax collector sends each taxpayer a notice stating the amount of current taxes due. § 197.322(3), Fla. Stat. (2013). Section 197.333, Florida Statutes (2013), provides that "[a]ll taxes shall be due and payable on

> November 1 of each year or as soon thereafter as the certified tax roll is received by the tax collector." Taxes assessed on November 1 become delinquent on April 1 of the following year. See id.

Stranburg, 160 So. 3d at 164 (Benton, J., dissenting).

Here, the Legislature enacted the statutory repeal of the exemption under section 196.1978 for limited partnerships before the certification of the tax roll, meaning before Panama Commons' right to the exemption had vested. In fact, "[t]he amended statute was the law in effect when the Property Appraiser acted on [Panama Commons'] application, and was binding on him." Id. at 165 (Benton, J., dissenting). Consequently, Panama Commons' constitutional right to due process was not violated.

This Court has previously upheld the application of taxation changes. Specifically, in Roger Dean Enterprises, Inc. v. Department of Revenue, 387 So. 2d 358, 360 (Fla. 1980), this Court held that it was "constitutional for the Florida corporate income tax to be imposed on a gain from properties sold prior to the amendment of the Florida constitution permitting such tax when said gain is reported on the installment basis in tax years subsequent to the passage of the amendment." This Court's decision explained that "[o]ther states have been almost unanimous in holding there is no unconstitutional denial of due process." Id. at 364.

Additionally, the United States Supreme Court has repeatedly concluded that the retroactive application of tax laws is permissible when the period of retroactivity is limited. For example, in United States v. Carlton, 512 U.S. 26, 30-32 (1994), the United States Supreme Court upheld the retroactive application of a statute that narrowed an estate tax deduction, concluding (1) the retroactive application was rationally related to the legitimate legislative purpose of correcting the unintended breadth of the deduction, and (2) the retroactivity period of slightly more than one year was "modest." When dispensing with Carlton's argument that due process was violated because he detrimentally relied on the deduction that was retroactively narrowed, the United States Supreme Court explained that "[t]ax legislation is not a promise, and a taxpayer has no vested right in the Internal Revenue Code." Id. at 33.

Finally, contrary to the First District's conclusion and Panama Commons' argument, Panama Commons' right to the exemption under section 196.1978 for the 2013 tax year did not vest on January 1, 2013. The First District reached this conclusion by relying on section 192.042, Florida Statutes (2013); however, that section is inapplicable here. Section 192.042 simply provides that on January 1 of each tax year "[a]ll property shall be assessed [by the county property appraiser] according to its just value." This case does not involve a dispute regarding the property's just value.

The First District also relied on <u>Dade County Taxing Authorities v. Cedars of Lebanon Hospital Corp., Inc.</u>, 355 So. 2d 1202 (Fla. 1978), and <u>Page v. City of Fernandina Beach</u>, 714 So. 2d 1070 (Fla. 1st DCA 1998).  But, as Judge Benton explained, "the decisions in both <u>Cedars</u> and <u>Page</u>, turned on the actual use of property on January 1, not on which tax exemption statute was in effect on January 1.  <u>See</u> <u>Cedars</u>, 355 So. 2d at 1204 ('[I]t is immaterial that the corporation intended to use the property for an exempt purpose subsequent to January 1; the controlling factor was that, as of the assessment date, it was not actually in use for such purpose.' (emphasis omitted)); <u>Page</u>, 714 So. 2d at 1076 ('[T]he "actual physical use" to which real property is being put on January 1 of the tax year in question is dispositive on the question of ad valorem taxation.')."  <u>Stranburg</u>, 160 So. 3d at 165 (Benton, J., dissenting).  "In the present case, by contrast, [Panama Commons'] use of its real property on January 1, 2013, was not in issue."  <u>Id.</u>

### III.  CONCLUSION

Accordingly, because Panama Commons' right to the tax exemption under section 196.1978 had not vested before the Legislature repealed the exemption for limited partnerships in 2013, we hold that applying the repeal to Panama Commons for the 2013 tax year does not violate due process.  We reverse the First District's decision and remand for proceedings consistent with this opinion.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, and PERRY, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

An Appeal from the District Court of Appeal – Statutory or Constitutional Invalidity

First District - Case No. 1D14-1671

(Bay County)

Loren Eugene Levy and Jon Franklin Morris of The Levy Law Firm, Tallahassee, Florida,

for Appellant Dan Sowell

Pamela Jo Bondi, Attorney General, Timothy E. Dennis, Chief Assistant Attorney General, Allen C. Winsor, Solicitor General, and William Henry Stafford, III, Senior Assistant Attorney General, Tallahassee, Florida,

for Appellant Marshall Stranburg

David Keller Miller and Martin Stephen Turner of Broad and Cassel, Tallahassee, Florida,

for Appellee