# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-765

_____

THE NATIONAL CENTER FOR
CONSTRUCTION EDUCATION AND
RESEARCH LTD., CORP.,

    Appellant,

    v.

ED CRAPO, as Alachua County
Property Appraiser,

    Appellee.

_____


On appeal from the Circuit Court for Alachua County.
Monica J. Brasington, Judge.

June 13, 2018


B.L. THOMAS, C.J.

The National Center for Construction Education and Research, Ltd., appeals the trial court's final judgment upholding Appellee's denial of its application for exemption from ad valorem property taxes. We affirm.

## I. Facts

Appellant, a non-profit corporation registered under section 501(c)(3) of the Internal Revenue Code, is incorporated in Virginia and authorized as a foreign entity to do business in Florida. Appellant develops training materials for the

construction industry, with a stated purpose of assuring "that construction clients receive quality services and construction workers have rewarding, progressive careers." Appellant owns and holds its headquarters in a commercial multi-story office building on 3.32 acres of real property in Alachua County.

In January 2015, Appellant attempted to file an application for a combined charitable and education exemption from ad valorem taxation of its 3.32-acre property. After Appellee refused to accept an application claiming two exemptions, Appellant filed one application claiming a charitable exemption, and the following day filed another application claiming an education exemption. Appellee denied both applications, and Appellant appealed those denials to the Alachua County Value Adjustment Board, under sections 196.011 and 196.193, Florida Statutes. After the Value Adjustment Board upheld the denials, Appellant appealed those decisions to the circuit court, which upheld the decisions after a two-day bench trial.

## II. Analysis

Statutes providing for an exemption to an ad valorem tax are strictly construed, and any ambiguity must be resolved against the claimed exemption. *Sowell v. Panama Commons, LP.,* 192 So. 3d 27, 30 (Fla. 2016); *Housing by Vogue, Inc. v. State, Dept. of Revenue,* 403 So. 2d 478, 480 (Fla. 1st DCA 1981). "'The burden is on the claimant to show clearly any entitlement to tax exemption.'" *Id.* (quoting *Volusia Cty. v. Daytona Beach Racing and Recreational Facilities Dist.*, 341 So. 2d 498, 502 (Fla. 1976)).

Property owned by "exempt entities" and used predominantly for "exempt purposes" is exempt from ad valorem taxation, to the extent of the exempt use. § 196.192(2), Fla. Stat. (2015). "Exempt uses" of property include property utilized for educational and charitable purposes. § 196.012(1), Fla. Stat. (2015). Florida Statutes do not define educational purposes, but section 196.198, the educational-property exemption statute, provides that "[e]ducational institutions [1] within this state and

---

[1] Section 196.012(5), Fla. Stat. (2015), defines educational institution:

their property used by them . . . exclusively for educational purposes are exempt from taxation."

A "charitable purpose" is defined in section 196.012(7), Florida Statues (2015) as a

> function or service which is of such a community service that its discontinuance could legally result in the allocation of public funds for the continuance of the function or service. It is not necessary that public funds be allocated for such function or service but only that any such allocation would be legal.

Appellant argues that because it performs an educational function – a charitable purpose – and because the government spends tax dollars on education, Appellant is entitled to a tax exemption under section 196.012(7), Florida Statutes.

In 1988, the Legislature amended section 196.192 to require that property used for exempt purposes be owned by an "exempt entity" in order to receive ad valorem tax exemption. *Mastroianni v. Memorial Med. Ctr. of Jacksonville, Inc.*, 606 So. 2d 759, 762-63 (Fla. 1st DCA 1992). As a result, exemptions for educational uses of property are restricted to property owned by "educational institutions." *See Metropolitan Dade Cty. v. Miami-Dade Cty. Cmty. College Found., Inc.*, 545 So. 2d 324, 326 n.4 (Fla. 3d DCA 1989) (holding that to qualify for tax exemption under the pre-1988 language of section 196.192(1), applicants could claim exemption for educational use, regardless of the status of the owner, but under the revised language, property used for educational purposes would need to be owned by an

---

> (5) 'Educational institution' means a federal, state, parochial, church, or private school, college, or university conducting regular classes and courses of study required for eligibility to certification by, accreditation to, or membership in the State Department of Education of Florida, Southern Association of Colleges and Schools, or the Florida Council of Independent Schools . . . .

3

educational institution).[2]  Appellant is not an "educational institution" as defined by section 196.012(5), and therefore is not eligible to receive an exemption for the use of its property for "educational purposes."[3]  Appellant argues, however, that because the government can spend tax dollars on education, "educational purposes" are also "charitable purposes," *if* they are engaged in by a nonprofit entity, even if that entity is not accredited as an "educational institution" as defined in section 196.012(5), Florida Statutes.

Appellant's interpretation would abrogate the accreditation requirements of section 196.012(5), Florida Statutes, as any nonprofit engaged in an educational function could receive a "charitable purposes" exemption, regardless of whether it is an

_____

[2]  Section 196.198, Florida Statutes (2015), contains additional support for the conclusion that entities claiming exemption for educational purposes must meet the "educational institution" criteria from section 196.012(5):

> Sheltered workshops providing rehabilitation and retraining of individuals who have disabilities and exempted by a certificate under s. (d) of the federal Fair Labor Standards Act of 1938, as amended, are declared wholly educational in purpose and are *exempt from certification, accreditation, and membership requirements set forth in s. 196.012.*

(Emphasis added.)  By stating that sheltered workshops can receive an exemption for educational purposes without meeting the "educational institution" requirements, section 196.198 indicates that those requirements are otherwise necessary for an applicant who uses property for educational purposes.

[3] On appeal, Appellant does not argue, as it did at trial, that it is an educational institution; rather, Appellant argues it performs a charitable function "because if [Appellant] did not provide its curriculum and industry credentialing in workforce education, the State of Florida legally could expend funds to develop curriculum and credentials."

educational institution. When a court interprets a statute, it must give full effect to all statutory provisions, and should avoid readings that would render part of a statute meaningless. *Velez v. Miami-Dade Cty. Police Dep't*, 934 So. 2d 1162, 1165 (Fla. 2006). We therefore do not agree with Appellant's interpretation that "educational purposes" are "charitable purposes" if engaged in by a nonprofit entity, because such an interpretation would render meaningless the standards for educational institutions in section 196.198. In addition, as noted above, we must interpret the statute to disfavor the exemption. Therefore, the trial court correctly upheld the decision of the Value Adjustment Board, which upheld the denial of the claimed exemption.

AFFIRMED.

JAY and M.K. THOMAS, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

D. Kent Safriet of Hopping, Green & Sams, P.A., Tallahassee, and Patrice Boyes of Patrice Boyes, P.A., Gainesville, for Appellant.

John C. Dent and Jennifer A. McClain of Dent & McClain, Chartered, Sarasota, for Appellee.