DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**BROWN & BROWN, INC.,**
Appellant,

v.

**JAMES T. GELSOMINO**
and **ACE AMERICAN INSURANCE COMPANY,**
Appellees.

No. 4D17-3737

[November 28, 2018]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Jeffrey R. Levenson, Judge; L.T. Case No. 04-11578 (09).

Lawrence P. Ingram, Melissa B. Murphy, and Christian M. Gunneson of Freeborn & Peters LLP, Tampa, for appellant.

Andrew A. Harris of Burlington & Rockenbach, P.A., West Palm Beach, and Geoff S. Stahl of Liggio Benrubi, West Palm Beach, for appellee James T. Gelsomino.

LEVINE, J.

The legislature exercised its discretion by passing, over a period of years, several laws narrowing and eventually eliminating the doctrine of joint and several liability. Initially, joint and several liability was the standard under the common law until the legislature in 1986 began to redefine the statute, eventually prospectively eliminating it in 2006. The legislature then passed another law in 2011 which, according to appellant, made the elimination of joint and several liability retroactive.

Appellee James T. Gelsomino was injured in 2002 and the trial and verdict was in 2014. The trial court applied joint and several liability. Therefore, the question remains: which version of section 768.81, applies—the statute passed and effective in 2002, 2006, or 2011?

We find that when the legislature passed the legislation in 2011, it included language that made the abolition of joint and several liability retroactive. This makes the 2011 version the operative statute when this

case went to trial. Consequently, we find the trial court erred in applying joint and several liability inasmuch as the legislature abolished it retroactively in 2011. Thus, we reverse and remand.

Appellee worked for his brother's company, T & T Contracting. That company was hired to do work in the Bahamas, and appellee and his brother incorporated T & T Services in the Bahamas to do that work. Appellee and his brother sought an insurance policy for T & T Services, but the policy mistakenly named T & T Contracting, the Florida corporation, as the insured instead of T & T Services, the Bahamian corporation. Appellant was the insurance broker and Ace American Insurance Company was the insurer.

In 2002, while in the Bahamas working for T & T Services, appellee was injured in a car accident. When appellee sought coverage for the accident, the insurer denied the claim because the policy did not cover T & T Services, only T & T Contracting. Appellee filed a negligence claim against appellant and Ace American Insurance Company in 2004. Appellee settled his claim against Ace in 2006 and obtained a consent judgment against T & T Services in 2008. The case proceeded to a jury trial in 2014, where the jury found for appellee and apportioned fault as follows:

- 35% to appellant
- 5% to appellee
- 25% to appellee's brother
- 10% to T & T Services
- 25% to T & T Contracting

Appellee then filed a motion for entry of final judgment seeking the entire monetary award (minus 5% apportioned to appellee's own share of fault) from appellant, alleging that appellant could be held jointly and severally liable. Appellee based his motion on appellant being held jointly and severally liable under the 2002 version of the statute.

The trial court, however, set aside the jury verdict and entered final judgment in favor of appellant. Appellee then appealed and this court reversed and reinstated the verdict. *Gelsomino v. Ace Am. Ins. Co.*, 207 So. 3d 288, 293 (Fla. 4th DCA 2016).

The trial court eventually determined that appellant was responsible for paying the full monetary award, less the 5% determined to be the fault of appellee and a $17,500 set-off from the T & T Services settlement. Appellant appeals from this order.

2

We review de novo whether a statute applies retroactively or prospectively. *Bionetics Corp. v. Kenniasty*, 69 So. 3d 943, 947 (Fla. 2011).

A statute operates retroactively when it "attaches new legal consequences to events completed before its enactment." *Landgraf v. USI Film Prods.*, 511 U.S. 244, 269-70 (1994). Whether a statute may be applied retroactively is subject to a two-step test. "First, the Court must ascertain whether the Legislature intended for the statute to apply retroactively. Second, if such an intent is clearly expressed, the Court must determine whether retroactive application would violate any constitutional principles." *Fla. Ins. Guar. Ass'n v. Devon Neighborhood Ass'n*, 67 So. 3d 187, 195 (Fla. 2011) (citation omitted). Thus, in this case we must determine if the legislature intended the statute, enacted in 2011, to apply retroactively. If it did, we then consider whether the retroactive application of the 2011 statute would violate the United States or Florida Constitutions.

In order to answer these questions we need to examine the recent statutory history of joint and several liability. Joint and several liability was the standard under the common law. *See Basel v. McFarland & Sons, Inc.*, 815 So. 2d 687, 690-91 (Fla. 5th DCA 2002). The Florida legislature began to limit the doctrine in 1986 until it completely eliminated joint and several liability in 2006. *Id.* at 691.

In 2006, the legislature amended the comparative fault statute to provide that "[i]n cases to which this section applies, the court shall enter judgment against each party liable on the basis of such party's percentage of fault and not on the basis of the doctrine of joint and several liability." § 768.81(3), Fla. Stat. (2006). This amendment clearly abrogated the doctrine of joint and several liability, at least prospectively. *Id.*; *see also Port Charlotte HMA, LLC v. Suarez*, 210 So. 3d 187, 190-91 (Fla. 2d DCA 2016).

However, nowhere in the text of the 2006 statute does it provide for retroactive application. A law is presumed to apply prospectively, unless there is a clear legislative intent that the law be applied retroactively. *Walker & LaBerge, Inc. v. Halligan*, 344 So. 2d 239, 241 (Fla. 1977). Further, the 2006 enacting legislation notes that "[t]his act shall take effect upon becoming a law and shall apply to causes of action that accrue on or after the effective date," April 26, 2006. Ch. 2006-6, § 2, Laws of Fla. When considering whether the law has retroactive application, the legislature's inclusion of an effective date should be considered as evidence rebutting the retroactive application of that statute. *Devon Neighborhood*

3

*Ass'n*, 67 So. 3d at 196.

In 2011, the legislature amended section 768.81 to include new statutory language that related in part to products liability, and to legislatively overrule *D'Amario v. Ford Motor Co.*, 806 So. 2d 424 (Fla. 2001). The 2011 legislative act added two provisions that stated the statute should be applied retroactively:

> Section 2. The Legislature intends that this act be applied retroactively and overrule *D'Amario v. Ford Motor Co.*, 806 So. 2d 424 (Fla. 2001), which adopted what the Florida Supreme Court acknowledged to be a minority view. That minority view fails to apportion fault for damages consistent with Florida's statutory comparative fault system, codified in s. 768.81, Florida Statutes, and leads to inequitable and unfair results, regardless of the damages sought in the litigation. The Legislature finds that, in a products liability action as defined in this act, fault should be apportioned among all responsible persons.

> Section 3. This act is remedial in nature and applies retroactively. The Legislature finds that the retroactive application of this act does not unconstitutionally impair vested rights. Rather, the law affects only remedies, permitting recovery against all tortfeasors while lessening the ultimate liability of each consistent with this state's statutory comparative fault system, codified in s. 768.81, Florida Statutes. In all cases, the Legislature intends that this act be construed consistent with the due process provisions of the State Constitution and the Constitution of the United States.

Ch. 2011-215, §§ 2-3, Laws of Fla.

In this case, it is uncontested that at the time of appellee's injury and the subsequent complaint, the statute in force was the 1999 version of section 768.81. At that time, the statute from 1999 would have allowed appellee to seek 95% of his damages from appellant. So if appellee and the trial court are correct, then appellant would be responsible for 95% of the damages based on the 1999 statute. If appellant is correct and the 2011 statute is the operative statute, then appellant is responsible for only its 35% share of the damages.

To determine if the 2011 statute is the operative statute rather than the 1999 statute which was in effect at the time of the injury and complaint,

4

we have to examine the text of the 2011 statute as well as related session laws reflecting its enactment. *See* § 11.242(5)(a), Fla. Stat. (requiring amendments passed by legislature in session laws to be incorporated into text of subject statute); *cf. Peck v. Palm Beach Cty. Bd. of Cty. Comm'rs*, 442 So. 2d 1050, 1052 (Fla. 1st DCA 1983) (stating that an enrolled act is generally the best evidence of the law in a period between enactment and official adoption of statutes).

The enacting legislation for the 2011 amendment to section 768.81 stated that the act was retroactive and the entire amended statute should be applied retroactively. Both sections 2 and 3 of the enacting legislation of the 2011 amendment clearly reference the retroactive application of the statute. Section 2, where the legislature explicitly overrules *D'Amario*, states that the "Legislature intends that this act be applied retroactively." Then in section 3, the enacting legislation states that "[t]his act is remedial in nature and applies retroactively." Once again, the legislature directly and plainly states in both sections that the statute is to be applied retroactively. We presume that the legislature added the instructions to apply the enacting legislation retroactively to both sections for a reason.

This court is required to give effect to every part of a statute if possible and avoid construing any portion of a statute as mere surplusage. *Heart of Adoptions, Inc. v. J.A.*, 963 So. 2d 189, 198 (Fla. 2007). This basic rule of statutory construction tells us that the legislature does not enact useless provisions and that we therefore must avoid reading any provisions included in a statute as meaningless. *See id.* We apply the canon against surplusage here in giving section 3 of the enacting legislation meaning apart from section 2.

Clearly, there would be no need to include retroactivity language in both section 2 and section 3 if both sections dealt only with products liability. Since section 2 already references products liability and the overruling of *D'Amario*, section 3 must have independent significance. The plain language of section 3, which states that "*[t]his act* is remedial in nature and applies retroactively," informs our decision. (emphasis added). Section 3 clearly applies to the entire statute, section 768.81.

We are also persuaded by *Schoeff v. R.J. Reynolds Tobacco Co.*, 232 So. 3d 294 (Fla. 2017). In *Schoeff*, the Florida Supreme Court was asked to determine whether the comparative fault statute governed in an *Engle* progeny case where the jury found for the plaintiff on an intentional tort claim. The supreme court held in *Schoeff* that the operative version for a cause of action that accrued in 1994 was the 2011 version of the comparative fault statute. The supreme court specifically relied on the fact

that the 2011 statute's enacting language stated that the statute was to be applied retroactively. *Id.* at 301. The court found the 2011 statute to be "remedial in nature" and to apply "retroactively" as to the entire statute and not just to the 2011 substantive amendments like those relating to products liability cases. *Id.*

Once we determine that a statute is to be applied retroactively, we then must determine if the retroactive application of the statute violates any constitutional rights, including vested rights. "Even when the Legislature does expressly state that a statute is to have retroactive application, [courts have] refused to apply a statute retroactively if the statute impairs vested rights, creates new obligations, or imposes new penalties." *State Farm Mut. Auto. Ins. Co. v. Laforet*, 658 So. 2d 55, 61 (Fla. 1995). "Whether legislation may affect a vested right to a particular cause of action depends on the stage the right has attained when the legislation is enacted." *Williams v. Am. Optical Corp.*, 985 So. 2d 23, 27 (Fla. 4th DCA 2008). Appellee contends that he has a right to the joint and several liability that vested at the time of his injury in 2002. We disagree.

Initially, it is important to note that the application of joint and several liability does not affect the amount of damages, but rather how those damages are apportioned among the potentially liable parties. *Cf. Smith v. Dep't of Ins.*, 507 So. 2d 1080, 1091 (Fla. 1987) (finding that a plaintiff has no right to recover for injuries beyond those caused by a particular defendant). This type of right is different than a party's entitlement to damages, which is a vested substantive right. *Miles v. Weingrad*, 164 So. 3d 1208, 1212-13 (Fla. 2015); *cf. Raphael v. Schecter*, 18 So. 3d 1152, 1157 (Fla. 4th DCA 2009) (recognizing a money judgment as representing the vested right to recover damages).

Meanwhile, other states have addressed whether a plaintiff has a vested right in the continuation of a damages-allocation scheme. In *Baldwin v. City of Waterloo*, 372 N.W.2d 486, 492 (Iowa 1985), the Iowa Supreme Court held that a plaintiff has no vested right "in the continuation of the principle of unlimited joint and several liability," indicating that such an expectation is not fixed or established as a vested right must be. Characterizing a joint and several liability statute as merely procedural, appeals courts in Arizona have held the same. *See Neil v. Kavena*, 859 P.2d 203, 208 (Ariz. Ct. App. 1993) (citing *Church v. Rawson Drug & Sundry Co.*, 842 P.2d 1355, 1359 (Ariz. Ct. App. 1992)).

Appellee contends that his due process rights would be violated by the retroactive application of the 2011 statute because he settled with other defendants under the expectation that joint and several liability would

6

continue to exist throughout the duration of his case. However, his expectation that the apportionment scheme would continue is not constitutionally protected. *See Sowell v. Panama Commons L.P.*, 192 So. 3d 27, 31 (Fla. 2016) ("[A] statute does not operate unconstitutionally simply if it upsets expectations based in prior law"); *contra Basel*, 815 So. 2d at 694 (characterizing right to recover damages from a particular defendant as "relat[ing] to rights and duties" and thus as a substantive right).

We find that a plaintiff's expectation, at the time of accrual, to collect an undetermined amount of damages from a defendant under the theory of joint and several liability was not "an immediate, fixed right of present or future enjoyment," and was therefore not a vested substantive right. *Sowell*, 192 So. 3d at 30 (citation omitted). Appellee had only an expectation with the regard to the damage-allocation model in place at the time of accrual, not a protected right. Thus, we find that, in this case, there is no constitutional impediment to the retroactive application of the 2011 statute.

In summary, we find that the trial court erred by not following the operative law as passed by the legislature. It is totally within the domain of the legislature to pass laws and exercise its discretion to make laws prospective or retroactive as it sees fit. We are obliged to follow the law as formulated by the legislature unless it infringes on vested rights as protected by the United States or Florida Constitution. The retroactive application of the law did not violate any vested rights in this case. As such, we reverse and remand for the trial court to enforce the bar to joint and several liability as required by the operative law.

*Reversed and remanded with instructions.*

MAY and KLINGENSMITH, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

7